IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD E. ANDERSON,

Plaintiff,

v.

AMERICAN AIRLINES, INC.,

Defendant.

No. C 08-04195 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

## INTRODUCTION

In this employment law action, defendant American Airlines, Inc., moves under Rule 12(b)(6) for dismissal of all claims. This order holds that plaintiff's claims for relief in this lawsuit due to injuries flowing from the two-dollar fee prior to June 6, 2008 — the date that the claims in the previous lawsuit were adjudicated — are barred by res judicata. Furthermore, plaintiff's claims must be dismissed because he has failed to sufficiently establish subject-matter jurisdiction.

## STATEMENT

The following well-pled facts alleged in plaintiff's complaint are assumed true for purposes of this order. Plaintiff has been employed as a "skycap" for defendant since 2001. Skycaps traditionally receive most of their compensation from tips. In August 2005, defendant instituted a two-dollar service fee per bag to customers who checked bags curbside. The two-dollar service fee was not paid to the skycaps. By instituting the two-dollar service fee, defendant steered tip income and gratuities for itself that had customarily gone to skycaps including plaintiff.

Additionally, the implementation of this service fee reduced their compensation dramatically because far fewer passengers voluntarily tip in addition to the service fee. Most passengers mistakenly thought the service fee was a tip. The two-dollar service fee continued until June 15, 2008, when it was replaced with the $15-$25-$100 baggage fee scheme. The new regime was accompanied by a sign stating "[n]o part of any fee goes to service personnel. Tipping is discretionary." The $15-$25-$100 baggage fee has further reduced tip income. Passengers are unaware or confused as to whether this fee includes a tip or so it is alleged. The $15-$25-$100 fee scheme was implemented after a verdict against defendant in a Massachusetts lawsuit. The Massachusetts verdict held the two-dollar service charge violated a Massachusetts statute regarding tips.

Plaintiff brought an earlier discrimination action against the defendant (C07-03527 WHA). The undersigned presided over it. That complaint pled:

> On or about August 15, 2005, the defendants instituted new practices in the way bags are checked. Originally, the passengers were not charged to check their bags, under the new system they are now charged two dollars per bag. One of the effects of the new system is that skycaps are assigned to a certain location.

Right before the summary judgment hearing, defendant attempted to amend his complaint from the prior suit to add yet further claims with regard to the two-dollar service fee. The Court found the amendment untimely under Rule 16 and ordered the plaintiff to not re-file the amendment until, if ever, after the summary judgment hearing was completed. After the Court granted summary judgment for the defendants, plaintiff elected to appeal the summary judgment order rather than to seek to amend their complaint. The summary judgment order was entered on June 6, 2008.

The claims with regard to the two-dollar service charge in the current suit are essentially identical to the proposed amended complaint to the prior suit. Again, however, the *original* complaint plainly called out the two-dollar fee. Claims with regard to the $15-$25-$100 fee were not in the prior suit because the implementation of that fee scheme occurred after the summary judgment was entered in the prior suit.

**ANALYSIS**

**1.  SUBJECT-MATTER JURISDICTION**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ P. 12(h)(3). Plaintiff has pled jurisdiction based on "28 U.S.C. 13332(d)(2)," which does not exist. Assuming plaintiff meant 28 U.S.C. 1332(d)(2), this is intended for a class action suit and plaintiff has not pled for a class action suit. Furthermore, plaintiff has not pled a federal claim to establish jurisdiction based on federal question or damages in excess of $75,000 to establish jurisdiction based on diversity. Accordingly, this suit must be dismissed for lack of subject-matter jurisdiction.

**2.  RES JUDICATA**

Even if plaintiff amends his complaint to remedy this jurisdictional defect, many of his claims will be barred by res judicata**.**  Claim preclusion — which is the subset of res judicata being asserted by the defendant — applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. *Cell Therapeutics Inc. v. Lash Group Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009).[1]

Because the last two elements of claim preclusion are plainly satisfied by Case No. 3:07-CV-03527-WHA ("September complaint"), this order will only address whether identity of claims exists. Identity of claims exists *when two suits arise from the same transactional nucleus of facts*. Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims *could have been brought* in the earlier action. *Tahoe-Sierra Pres. Council, Inc.v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (emphasis added). "[J]udgment precludes recovery on claims arising prior to its entry." *Lawlor v. Nat'l Screen Service Corp.*, 349 U.S. 322, 328 (1955); *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985) ("California courts follow the approach taken by the Supreme Court in *Lawlor v. National Screen Service Corp.*").

---

[1] Both plaintiff and defendant quote *Constantini v. Trans World Airlines,* 681 F.2d 1199 (9th Cir. 1982), for the applicable rule of law. *Cell Therapeutics* seems to be the more recent reading of the rule.

3

### A. Claims Six

Claim six arose from the $15-$25-$100 fee implemented on June 15, 2008. Because the $15-$25-$100 fee did not even exist until after the September complaint was adjudicated (June 6, 2008), it obviously would have been impossible to bring this claim into the September action. Because this claim could not have been brought into the prior complaint it is not barred by res judicata.

At the hearing, defendant made two arguments that were not asserted in its motion to dismiss. Defendant argued that claims based on the $15-$25-$100 fee were barred by res judicata because (1) the $15-$25-$100 fee was addressed in a deposition for the September complaint and (2) because the plaintiff lacked standing. A reference in a deposition to some matters does not mean it is in play in the complaint. Most importantly, these arguments are inadmissible now because they were not raised in defendant's own motion to dismiss.

### B. Claims One Through Five

Claims one through five arose from the two-dollar service fee implemented by the defendant in August 2005 and also from the $15-$25-$100 fee implemented on June 15, 2008. Plaintiff pled the two-dollar fee as facts to support claims in the September complaint. On June 6, 2008, the September complaint was dismissed on summary judgment. The two-dollar service fee continued for one more week until June 15, 2008 when it was replaced by the $15-$25-$100 fee. Because the two-dollar service fee continued in force *after* the adjudication of the September complaint, the service fee continued to cause injuries and can be sued on at least as to the one week period following June 6, 2008. The fact that plaintiff elected not to seek leave to amend after the summary judgment does not establish that he waived his right to simply file a new lawsuit alleging the same new material.

In the September complaint, however, plaintiff stated:

> The defendants instituted new practices in the way bags are checked. Originally, the passengers were not charged two dollars per bag. Previously when the skycaps helped a passenger with their bags they usually received tips. One of the effects of the new system is that skycaps are assigned to a certain location. (Anderson Compl. ¶ 5 (DKT. No. 1, 07-CV-03527 WHA)).

4

The "new system," which included the two-dollar fee, was pled to establish that the defendant discriminated against the plaintiff by placing him in an undesirable location. Because the new system was part and parcel of the discrimination claim, all claims based on the new system and its two-dollar fee merged into the judgment. Anything and everything having to do with the two-dollar fee or "new system" that could have been raised prior to June 6, 2008 is now barred. The parts of claims one through five which arose from the $15-$25-$100 fee are *not* barred as explained in the previous section.

## CONCLUSION

For the reasons stated above, all claims are dismissed for lack of subject-matter jurisdiction with leave to amend **BY NOON ON FEBRUARY 4, 2010**. Any new pleading must strictly conform to this order and must show the basis for subject-matter jurisdiction. Any claims barred by res judicata should not be calculated as part of the amount in controversy to establish diversity jurisdiction.

**IT IS SO ORDERED.**

Dated: January 22, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE