1

2

3

4

5

6                              IN THE UNITED STATES DISTRICT COURT

7                            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10    EDWARD E. ANDERSON,                              No. C 08-04195 WHA

11              Plaintiff,

12       v.                                            **ORDER GRANTING
                                                       MOTION TO EXCLUDE
13    AMERICAN AIRLINES, INC.,                         PLAINTIFF'S EXPERT
                                                       WITNESS TESTIMONY
14              Defendant.                             AND IMPOSING FINE**

15    _____/

16          On January 14, 2011, defendant filed a letter brief requesting "an Order (1) enforcing the

17    terms set forth in the Second Case Management Order [regarding expert disclosures], (2) deeming

18    Plaintiff's Disclosure of Expert Witnesses and subsequently produced written reports untimely,

19    and (3) barring Plaintiff's expert(s) from testifying or introducing any evidence in this matter"

20    (Dkt. No. 82).  That afternoon, an order was issued setting a hearing on the discovery dispute for

21    2:00 p.m. on January 19, and also setting a meet-and-confer session "starting from 10:00 a.m. and

22    ending at 2:00 p.m." on January 19. (Dkt. No. 83).  Frederick C. Roesti, plaintiff's counsel, filed

23    an opposition to defendant's letter brief on January 18 but did not show up for the meet-and-

24    confer session on January 19.  With both parties present at the January 19 hearing, argument was

25    heard regarding Attorney Roesti's failure to attend the meet-and-confer session and on the merits

26    of the discovery dispute.

27

28

United States District Court

For the Northern District of California

1  Regarding Attorney Roesti's failure to attend the meet-and-confer session, Attorney

2  Roesti is at fault for failing to discharge his duty of opening, reading, and complying with court

3  orders.  To partially compensate defendant for the time wasted by defense counsel as a result of

4  this failure, Attorney Roesti must pay defendant the sum of $800 by **JANUARY 31, 2011**.  This

5  payment must be made by Attorney Roesti personally; it may not be charged to his client.

6  Regarding the discovery dispute, defendant's motion is **GRANTED**.  Plaintiff's failure to

7  make expert disclosures is inexcusable, and the normal consequence for failure to make timely

8  expert disclosures pursuant to FRCP 26 — preclusion — is appropriate.  Plaintiff will not be

9  allowed to offer any expert testimony in this action.  As noted at the hearing, plaintiff, of course,

10  remains free to offer fact testimony and lay opinion testimony to prove his case.

11  Plaintiff's requests for leave to file an untimely motion to compel document production

12  and for a further hearing on this request are **DENIED**.  Plaintiff's first set of document requests

13  was so broad and overburdensome as to be abusive; this set of discovery requests transparently

14  was calculated to impose on defendants a burden significant enough to extract a settlement

15  payment.  Plaintiff's second set of document requests was somewhat more narrowly drawn, but it

16  was served only eleven days before the close of fact discovery, *i.e.*, too late (and was still overly

17  burdensome).  These were plaintiff's only two sets of document requests, and neither of them

18  merits enforcement.

19

20  **IT IS SO ORDERED.**

21

22  Dated:  January 20, 2011.

23  WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

24

25

26

27

28