United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD E. ANDERSON,

    Plaintiff,

  v.

AMERICAN AIRLINES, INC.

    Defendant.

                                         /

No. C 08-04195 WHA

**ORDER REGARDING PLAINTIFF'S SUMMARY JUDGMENT MOTION**

        Pursuant to the case management scheduling order, the deadline to file any dispositive motion was February 3, 2011. Plaintiff did not timely file any motion for summary judgment or supporting documents. Starting on February 4, however, and continuing through February 8, Attorney Frederick C. Roesti made *thirteen* filings related to plaintiff's motion for partial summary judgment. Many of these filings are duplicative of one another. Many of these filings are mislabeled or inaccurately described. Multiple versions of plaintiff's summary judgment motion and brief have been filed, including several "amended" briefs and incomplete collections of supporting exhibits and affidavits.

        Attorney Roesti also filed two letters explaining the technical difficulties that allegedly caused his untimely, disorganized, extended filing spree (Dkt. Nos. 104, 107). This is not the first time in this action that Attorney Roesti has cited technical difficulty using the Court's electronic case filing system to explain a failure to comply with his professional obligations. Near the end of Attorney Roesti's five-day filing marathon, defendant filed a set of "preliminary objections" to

1  the filings, along with a motion to strike all improper filings and to recover reasonable attorney's
2  fees and costs incurred because of them (Dkt. No. 108).

3      \*   \*   \*

4    Defendant's motion to strike is **GRANTED IN PART**, to the following extent. All of the
5  following improper filings, identified by docket number, shall be stricken: 95, 96, 97, 98, 99,
6  100, 101, 102, 103, 106, and 109. Plaintiff may re-file his motion for partial summary judgment
7  and supporting documents, in proper order, by **NOON ON FEBRUARY 11, 2011**. This filing should
8  be made without subsequent amendments, corrections, or duplications; Attorney Roesti now has
9  had ample time to learn how the ECF system works. Defendant's opposition to plaintiff's re-filed
10 summary judgment motion will be due on **FEBRUARY 24, 2011**. Plaintiff's reply in support of his
11 motion will be due on **MARCH 3, 2011**. Plaintiff's reply must be filed on time and in proper
12 order. A hearing on plaintiff's motion will be set for **MARCH 17, 2011**.

13   The briefing schedule and hearing on defendant's motion for summary judgment remain
14 unchanged. Plaintiff's opposition to defendant's summary judgment motion must be filed on time
15 and in proper order. Plaintiff's opposition must stand alone for purposes of opposing defendant's
16 motion and my not cross-reference materials related to plaintiff's own summary judgment motion
17 that have been stricken or have yet to be filed.

18   This order acknowledges that defendant's motion for summary judgment now will be
19 heard one week before plaintiff's motion for summary judgment, and that the possibility now
20 exists for defendant's motion to moot out plaintiff's motion. Attorney Roesti, however, brought
21 this situation upon himself and his client through his failure to file his motion properly.

22     \*   \*   \*

23   The excessive number and disorderly character of Attorney Roesti's summary judgment
24 filings can only be described as a mess. Defendant's motion to recovery reasonable attorney's
25 fees and costs associated with sorting through this mess is **GRANTED** to the following extent.
26 Attorney Roesti unfairly shifted the burden of his filing problems to defendant's counsel, who
27 spent time and money attempting to make sense of his filings. Defendant should not be forced to
28 absorb the cost of Attorney Roesti's shortcomings. To partially compensate defendant for the

time and effort wasted as a result of Attorney Roesti's improper filings, Attorney Roesti must pay defendant the sum of $300 by **FEBRUARY 22, 2011**. This payment must be made by Attorney Roesti personally; it may not be charged to his client. This payment is an independent requirement. The other portions of this order are *not* a conditioned on timely satisfaction of this payment obligation.

**IT IS SO ORDERED.**

Dated: February 8, 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE