Frederick C. Roesti, SB# 77932
Law Office Of Frederick C, Roesti
965 Mission Street, Suite 445
San Francisco, CA. 94103
Tel (415) 552- 3733; Fax (415) 552-1849
Attorney for Edward E. Anderson

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

EDWARD E. ANDERSON,

     Plaintiff,

     v.

AMERICAN AIRLINES, INC.

     Defendant.

_____/

Case No. 08-cv-4195 WHA

NOTICE OF MOTION AND MOTION
TO VACATE JUDGEMENT

(Federal Rules of Civil Procedure, Rule 59(e)

Date: May 12, 2011
Time: 2:00 p.m..
Court: 9

Honorable William H. Alsup

**TO: DEFENDANT AMERICAN AIRLINES, INC, AND ITS ATTORNEY OF
RECORD:**

     Please take notice that on May 12, 2011 at 2:00 p.m. or as soon thereafter as it can
be heard in the above court in the Courtroom of the honorable William H. Alsup, plaintiff
Edward E. Anderson will move and hereby does move for an Order vacating the
judgment in the this matter.

     This motion for an Order to vacate judgment is brought pursuant to Federal Rule
of Court Rule 59(e) on the following grounds:

    1.  The District Court's ruling in granting summary judgment in favor of

1

American on the breach of contract cause of action and breach of the duty of good faith and fair dealing was premised on a misunderstanding of the federal preemption scheme under Section 301 of the Labor Management Relations Act of 1947.

2.   The District Court's ruling granting summary judgment in favor of American

on the breach of contract cause of action and breach of the duty of good faith and fair dealing cause of action was premised on incorrect factual assumptions.

3.   The District Court's ruling committed a manifest error of law and fact in granting summary judgment in favor of American on the state breach of contract cause of action and state breach the duty of good faith and fair cause of action.

4.   The District Court committed manifest errors of law and fact in finding that Mr. Anderson did not plead (a) an unfair competition cause of action independent of alleged Labor Code Section 351 allegations pursuant to California and Business and Professions Code Section 17200 and (b) did not plead an unfair competition causes of action based on alleged violations of California Labor Code Section 351.

5.   The District Court committed manifest errors of law and fact in holding that

Mr.
Ander
son
did
not
raise a
triable
issue

of fact regarding the existence of an economic relationship between Mr. Anderson as a sky cap who serves American's passengers and American's

passengers served by Mr. Anderson to sustain a cause of action for economic interference with advantageous economic relation.

6.   The District Court committed manifest error of law and fact in granting

summary judgment in favor of American on quantum meruit and unjust enrichment

grounds when American required Mr. Anderson and other skycaps to administer its fee baggage scheme at signifi

cant loss in total compensation to skycaps from lost tip income while producing billions of dollars of revenue to American.

7.   The District Court committed manifest error of law and fact in granting summary judgment in favor of American with regard to the conversion cause of action to recover "misappropriated gratuitities" by its baggage fee scheme that would otherwise have been tip income of skycap

8.   The District Court committed manifest error of law and fact in granting summary judgment in favor of American with regard to the retaliation cause of action when there was substantial evidence of a causal link between opposition to the $2 bag fee by Mr. Anderson, litigation over the $2 per bag fee in *DiFiore v. American Airlines, Inc* and American's adoption of increased baggage fees in June, 2008.

9.   The Motion to vacate must be granted because not to do would commit a manifest injustice where Mr. Anderson's motion to disqualify Judge Alsup was denied; and the District Court's rulings that summary judgment were tainted with prejudgments not based on the law and facts.

This motion is based on the notice of motion and all the records on file in this matter, including memoranda of points filed herewith and

any written

and oral

argument in

support of

this motion.

Dated: April 16, 2011                    By" */s/Frederick C. Roesti/s/*
                                                Attorney for Plaintiff Edward E. Andrson