IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD E. ANDERSON, | No. C 08-04195 WHA |
| Plaintiff, | |
| v. | **ORDER REFERRING SECOND MOTION TO DISQUALIFY TO ASSIGNMENT COMMITTEE FOR REASSIGNMENT** |
| AMERICAN AIRLINES, INC., | |
| Defendant. | |

Early in this action, plaintiff filed an affidavit seeking to disqualify the undersigned judge (Dkt. No. 39). The affidavit was referred to Judge Breyer, who denied plaintiff's request for disqualification (Dkt. No. 48). The action proceeded before the undersigned judge.

On March 9, defendant's motion for summary judgment on call claims was granted, and judgment was entered. On April 1, attorney Frederick Roesti filed a letter on plaintiff's behalf, renewing the request for disqualification. The letter accused the undersigned judge of racial prejudice against African Americans, personal bias against Attorney Roesti, and a conflict of interest regarding American Airlines. The letter urged that "the honorable thing to do is to disqualify yourself" and "invite[d] the court to vacate the judgment sua sponte" (Dkt. No. 146 at 1–2). On April 4, an order was issued stating that no action would be taken on the April 1 letter and that a proper motion should be made in proper form.

On April 6, Attorney Roesti timely filed a motion to vacate judgment that incorporated his April 1 letter by reference. The motion argues that the undersigned judge committed legal and

1 factual errors as a result of the supposed improper motives described in the April 1 letter (Dkt.
2 No. 149 at 26).  In light of the arguments made by Attorney Roesti, the pending motion to vacate
3 judgment will be treated as a second motion for disqualification.

4   Attorney Roesti's second motion to disqualify the undersigned judge is hereby **REFERRED**
5 to the Assignment Committee so that it might be handled by another judge.  Due to Attorney
6 Roesti's continued difficulty using the electronic case filing system, the motion is comprised of
7 multiple filings at Dkt. Nos. 148–52.  For completeness of the record, Attorney Roesti's April 1
8 letter and the order thereon are appended hereto.  Only the motion to disqualify need be
9 reassigned.  The rest of the case will stay with the undersigned judge unless there is a need for
10 recusal.  If the motion to disqualify is denied, then the undersigned judge will proceed to decide
11 the Rule 59 aspects of the pending motion.

13   **IT IS SO ORDERED.**

15 Dated:  April 8, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE