United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD E. ANDERSON,

    Plaintiff,

  v.

AMERICAN AIRLINES, INC.,

    Defendant.

                            /

No. C 08-04195 WHA

**ORDER DENYING MOTION TO VACATE JUDGMENT AND VACATING HEARING**

## INTRODUCTION

This employment law action was plaintiff's second unsuccessful action against his employer before the undersigned judge. In March 2011, defendant American Airlines, Inc.'s motion for summary judgment in this, the second action, was granted, and judgment was entered (Dkt. Nos. 141, 143). Plaintiff's counsel now moves pursuant to FRCP 59(e) to vacate judgment (Dkt. Nos. 146, 148–52, 166). For the reasons set forth below, the motion is **DENIED**. If an error has been made — and the Court is convinced all rulings have been in accordance with the law — then plaintiff's counsel may pursue an appeal.

## STATEMENT

The facts and arguments have been detailed in previous orders (*See* Dkt. Nos. 53, 141). In brief, plaintiff Edward E. Anderson worked and still works as a skycap for defendant American Airlines, Inc. at San Francisco International Airport. Mr. Anderson formerly worked as a skycap for Trans World Airlines. His employment with AA began in December 2001, when AA

acquired TWA. AA pays Mr. Anderson an hourly wage, and he also collects tip income from the passengers he serves. The tip income is the focal point of this action. This lawsuit claimed that by instituting a series of fee programs for checked luggage, AA illegally diverted a substantial portion of his tip income to itself (Dkt. No. 141 at 1).

Following motion practice, the second amended complaint asserted eight claims for relief: (1) violation of California Labor Code Section 351; (2) tortious interference with contractual and/or advantageous relations; (3) quantum meruit; (4) conversion; (5) unjust enrichment; (6) retaliation; (7) breach of contract and covenant of good faith; and (8) unfair competition (Dkt. No. 73). In March 2011, AA's motion for summary judgment on all eight claims was granted, and judgment was entered, after full briefing and a hearing on the motion (Dkt. Nos. 141, 143). Plaintiff's counsel, Attorney Frederick C. Roesti, timely filed the instant motion to vacate judgment, as well as a letter requesting the Court to vacate judgment *sua sponte* (Dkt. Nos. 146, 148–52, 166).

AA opposes the motion. The deadline for Attorney Roesti to file a reply brief was April 28, but none was timely filed. On April 29 — the day *after* the deadline passed — Attorney Roesti filed a request for a continuance of the hearing and "a new briefing schedule for the motion to vacate so that plaintiff may file a reply to the defendant's opposition after the June 2, 2011 hearing on the recusal motion" (Dkt. No. 163). This request is now moot, both because the recusal motion was decided in a companion order and because a reply brief was filed on May 3, along with a request that the untimely filing be accepted "because plaintiff and plaintiff's attorney worked diligently from April 15, 2011 to April 28, 2011 to file a formal recusal motion" (Reply Br. 1). To ensure that Attorney Roesti has a full and fair opportunity to support his motion, the late-filed reply brief will be accepted. This order therefore follows full briefing on the motion.

**ANALYSIS**

Rule 59(e) authorizes a motion to alter or amend or vacate judgment after its entry. Rule 59(e), however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890

(9th Cir. 2000). Relief is appropriate under Rule 59(e) if any of the following conditions is met: (1) the district court is presented with newly-discovered evidence; (2) there is an intervening change in controlling law; or (3) the district court committed clear error or made a decision that was manifestly unjust. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). The requirement of such a showing is a "high hurdle." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

A Rule 59(e) motion may not simply restate arguments that already were raised in opposition to summary judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Furthermore, a Rule 59(e) motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Rather, the motion must clear the high hurdle of showing that alteration or amendment of the judgment is appropriate for one of the reasons stated above. Judgment is not properly reopened "absent highly unusual circumstances." *Weeks*, 246 at 1236.

Attorney Roesti has identified no such unusual circumstances. The instant motion is simply an attempt to re-litigate a motion lost by counsel. Attorney Roesti presents no newly-discovered evidence. He identifies no intervening change in the law. Instead, his brief asserts that the order granting summary judgment was based on "manifest errors of law and fact," "incorrect factual assumptions," and "a misunderstanding" of the law (Br. 1–4). Additionally, it claims that the order was "tainted with prejudgments not based on the law and facts" (*id.* at 25). Attorney Roesti thus implies that the order was clearly erroneous or manifestly unjust. All of his arguments, however, relate to matters that were raised or could have been raised before judgment was entered. Accordingly, they do not form a proper basis for a Rule 59(e) motion, and the motion must be denied.

Each of the nine "issues" enumerated in Attorney Roesti's Rule 59(e) brief will be addressed in turn (Br. 2–4). The sections of this analysis will be keyed to the corresponding sections of his brief.

3

1.  **CLAIM FOR BREACH OF CONTRACT AND BREACH OF IMPLIED COVENANT.**

The first three "issues" enumerated in Attorney Roesti's brief address the claim for breach of contract and breach of the implied covenant of good faith and fair dealing (count seven). The summary judgment order found that this claim was preempted by Section 301 of the Labor Management Relations Act. Specifically, the order found that the only basis for the claim identified in opposition to summary judgment was a so-called "Status Quo Agreement" between Mr. Anderson and AA, which was not supported by any documentation but which allegedly adopted the terms of the collective bargaining agreement that had governed Mr. Anderson's employment with TWA (Dkt. No. 141 at 10–12).

### A. Issue One: "Misunderstanding" of Law.

The brief first asserts that the summary judgment ruling on this claim was "premised on a misunderstanding of the federal preemption scheme under Section 301 of the Labor Management Relations Act of 1947" (Br. 11). The applicability of Section 301 preemption was fully briefed in AA's motion for summary judgment, and Attorney Roesti had the opportunity to challenge it in his opposition brief and at the summary judgment hearing (Dkt. No. 89 at 18–21). He now advances a series of preemption arguments that he already made or could have made at the summary judgment stage. As such, none of them clears the high Rule 59(e) hurdle.

*First*, Attorney Roesti argues that Section 301 preemption applies only to contracts between an employer and a labor organization. He therefore concludes that it did not apply to any contract between AA and Mr. Anderson. Attorney Roesti could have, but chose not to, raise and develop this argument in his summary judgment opposition. It is now too late.

*Second*, Attorney Roesti argues that Section 301 preemption applies only if the application of a state law requires interpretation of a collective bargaining agreement. He insists that here, "[u]nless American put the language of the defunct TWA collective bargaining [*sic*] before the Court, the Court would have no basis to determine if either the Status Quo Agreement or the Employment Agreement with American required an interpretation of the defunct TWA collective

4

bargaining agreement."[1]  In opposing summary judgment, Attorney Roesti called AA's position that interpretation of the alleged Status Quo agreement required reference to the previous collective bargaining agreement "absurd" (Dkt. No. 114 at 16).  This argument was considered and rejected in the summary judgment order.  It may not be resurrected under the guise of Rule 59(e).

*Third*, Attorney Roesti argues that Section 301 preemption does not apply to claims "that neither encourage nor discourage the collective bargaining process," and that the present claims fit within that category (Br. 12–13).  As with his first argument regarding the supposed misunderstanding of Section 301, Attorney Roesti could have, but chose not to, raise and develop this argument in his summary judgment opposition.  It is now too late.

The second argument already was heard and rejected.  The first and third arguments are new, but they are not premised on any law or facts that were unavailable three months ago.  As such, they do not form a proper basis for a Rule 59(e) motion; it would be unfair to allow new arguments that could have been raised before.  On appeal, counsel should be mindful to distinguish between arguments that were timely presented and arguments that were waived.

Moreover, Attorney Roesti's arguments do not show that the summary judgment rulings were clearly erroneous or manifestly unjust.  The summary judgment order explained the facts and law underlying its rulings, and the present arguments do not defeat its reasoning.  Specifically, the order observed that the only basis articulated for the claim was the alleged Status Quo Agreement, which supposedly perpetuated the terms of a previous collective bargaining agreement.

---

[1] Attorney Roesti now refers to two agreements that allegedly governed the terms of Mr. Anderson's employment with AA: "The Status Quo Agreement and the alternative Employment Agreement with American" (Br. 13).  As explained in the summary judgment orders, the language of the complaint was ambiguous and inconsistent as to whether one or two contracts were alleged, but the opposition to summary judgment mentioned only the alleged Status Quo Agreement.  In now raising an "alternative Employment Agreement with American," Attorney Roesti refers to a document titled "Terms of Employment."  That document was not cited by either party at the summary judgment stage, but the summary judgment order identified and analyzed it after independently searching the summary judgment record for documentary evidence of any employment agreement between Mr. Anderson and AA (Dkt. No. 141 at 10–12).

5

### B.    Issue Two: "Incorrect Factual Assumptions."

The brief next contends that the summary judgment ruling on the claim for breach of contract and breach of implied covenant was "premised on incorrect factual assumptions." Specifically, Attorney Roesti argues that the summary judgment order incorrectly assumed "that the Status Quo Agreement, and alternatively, the Employment Agreement with American under which Mr. Anderson was entitled to keep all tips and monies received from American passengers for handling their bags *were subject* to the terms of the defunct Collective Bargaining Agreement of Sky Caps under Trans World Airlines, *and incorporated* the terms of the defunct TWA collective bargaining agreement" (Br. 15).

Regarding the Status Quo agreement, Attorney Roesti argues that there should have been an "'objective determination' of the actual Status Quo Agreement, separate from any past collective bargaining agreement" (*ibid.*). Attorney Roesti's attempt to distinguish between the Status Quo Agreement, on the one hand, and the collective bargaining agreement whose terms it allegedly adopted, on the other, already was considered and rejected in the summary judgment order (Dkt. No. 141 at 10–11). This argument may not be renewed under Rule 59(e).

Regarding "the alternative Employment Agreement with American," Attorney Roesti selectively cites portions of a document titled American Airlines Terms of Employment, and concludes therefrom that "the collective bargaining agreement under TWA that preceded the bankruptcy of TWA was already defunct" during the relevant time period (*id.* at 15–16). This document was in the summary judgment record, but Attorney Roesti chose neither to cite it nor to mention the existence of any "alternative Employment Agreement" at the summary judgment stage. There is no reason why he could not have done so. Accordingly, the argument is now untimely and cannot justify Rule 59(e) relief. Counsel are again admonished to distinguish between timely and untimely arguments on appeal.

Moreover, these arguments do not conjure the specter of clear error. The summary judgment order explained that the terms of the alleged Status Quo agreement *were* the terms of the former collective bargaining agreement such that the independent "objective determination" now demanded would be impossible. The order also noted that the Terms of Employment

6

document confirmed that Mr. Anderson's employment with AA was subject to "any applicable labor agreement" (Dkt. No. 141 at 10–12).

### C. Issue Three: "Error of Law and Fact."

The brief also contends that the summary judgment ruling on the claims for breach of contract and breach of implied covenant was premised on "manifest error of law and fact" (Br. 16). In this portion of the brief, Attorney Roesti argues that the summary judgment order misapplied or failed to recognize controlling precedent regarding Section 301 preemption, but he does not identify any such precedent. Additionally, Attorney Roesti claims that the summary judgment order contained "egregious errors of fact" (*id.* 16–17).

Regarding the breach-of-contract theory, Attorney Roesti argues that the summary judgment order made erroneous conclusions by ignoring certain facts regarding the alleged Status Quo Agreement (*id.* 17–18). The enumerated facts and arguments were part of the summary judgment record. The summary judgment rulings were made after considering all facts and arguments that were presented in the briefs. Attorney Roesti offers no evidence that any of the enumerated facts actually were ignored, except for his own conclusory statement to that effect. That statement serves only as an excuse to restate arguments that were or could have been made in opposition to summary judgment. It therefore does not justify relief under Rule 59(e).

Regarding the claim for breach of the duty of good faith and fair dealing, Attorney Roesti catalogs acts by AA that he views as breaches (Br. 18–19). These facts and arguments were presented at the summary judgment stage and may not be rehashed now. Notably, the duty of good faith and fair dealing arises from a contract, so the preemption of Anderson's contract claim mooted his claim for breach of this related duty. The acts Attorney Roesti now identifies as constituting breach of the duty of good faith and fair dealing were irrelevant to the grounds on which summary judgment was granted.

**2. CLAIM FOR UNFAIR COMPETITION (ISSUE FOUR: "ERRORS OF LAW AND FACT").**

The next "issue" enumerated in the Rule 59(e) brief addresses the claim for unfair competition (count eight). Summary judgment was granted on that claim because the theory advanced under Section 351 *et seq.* of the California Labor Code was not a viable predicate for

7

1  the claim under Section 17200 *et seq.* of the California Business and Professions Code.
2  Specifically, summary judgment was granted because Attorney Roesti could not show that any
3  portions of the baggage fees paid by AA customers were intended as tips for Mr. Anderson
4  (Dkt. No. 141 at 12–14).

5      Attorney Roesti now argues that the summary judgment order "committed manifest errors
6  of law and fact" in rejecting the unfair-competition claim. He claims that the order "totally
7  ignored" provisions of Section 17200, and of Sections 351 and 356 of the California Labor Code
8  (Br. 19–21). Attorney Roesti again offers nothing in support of his "totally ignored" theory
9  except a re-hash of the arguments he made in his summary judgment brief and at the summary
10 judgment hearing. This is not a proper basis for relief under Rule 59(e).

11     Moreover, the arguments re-hashed in this portion of the brief do not show clear error or
12 manifest injustice. Many of these arguments are not responsive to the grounds on which
13 summary judgment was granted. Furthermore, the decisions cited in this portion of the brief are
14 factually distinguishable from the present record, because the theory in this action was *not* that
15 AA misappropriated monies that its customers left or paid specifically as skycap tips (*see* Dkt.
16 No. 141 at 12–14).

17     **3.  CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (ISSUE FIVE: "ERRORS OF LAW AND FACT").**

18     The next "issue" enumerated in the Rule 59(e) brief addresses the claim for tortious
19 interference with prospective economic advantage (count two). Summary judgment was granted
20 on that claim because Attorney Roesti was unable to prove the first element of the tort — an
21 economic relationship between Mr. Anderson and some third person containing the probability
22 of future economic benefit (Dkt. No. 141 at 6–7). Attorney Roesti now argues that the
23 summary judgment order "committed manifest errors of law and fact" in rejecting the
24 tortious-interference claim.

25     *First*, Attorney Roesti claims that the order failed to apply the correct elements of the tort
26 as set forth in *Youst v. Longo*, 43 Cal. 3d 64 (1987) (Br. 21–22). Although the order cited a

different decision, it applied the same five elements that are set forth in *Youst*. *Compare* Dkt. No. 141 at 6 *with Youst*, 43 Cal. 3d. at 71 n.6. This was not clearly erroneous or manifestly unjust.

*Second*, Attorney Roesti claims that the order overlooked evidence from which a reasonable expectation of tip income could have been inferred (Br. 22). That issue was irrelevant. Summary judgment was granted because Attorney Roesti could not prove the existence of an economic relationship between Mr. Anderson and the AA customers he served. Because there was no relationship, the order did not reach the question of whether the relationship contained a probability of future economic benefit (the requirement Attorney Roesti presumably refers to as "reasonable expectation of tip income") or any of the other remaining elements of the tort (Dkt. No. 141 at 6–7). Moreover, simply restating facts that were part of the summary judgment record does not justify Rule 59(e) relief.

### 4. CLAIMS FOR UNJUST ENRICHMENT AND QUANTUM MERUIT (ISSUE SIX: "ERROR OF LAW AND FACT").

The next "issue" enumerated in the Rule 59(e) brief addresses the claims for unjust enrichment and quantum meruit (counts three and five). Summary judgment was granted on the quantum-meruit claim because Attorney Roesti did not identify any admissible evidence tending to show that Mr. Anderson was entitled to payment for collecting baggage fees beyond the hourly wage he already received. Summary judgment was granted on the unjust-enrichment claim because Attorney Roesti was unable to identify any respect in which AA's retention of baggage-fee revenue was unlawfully unjust (Dkt. No. 141 at 7–9).

Attorney Roesti now argues that the summary judgment order "committed manifest error of law and fact" in rejecting the claims for quantum meruit and unjust enrichment. He does not, however, specifically identify any such errors. He simply repeats the arguments that already were made rejected on summary judgment (Br. 22–24). The fact that Attorney Roesti disagrees with the summary judgment ruling does not show that it was clearly erroneous or manifestly unjust. Repeating arguments already made and rejected does not entitle him to Rule 59(e) relief.

9

### 5. CONVERSION CLAIM (ISSUE SEVEN: "ERROR OF LAW AND FACT").

The next "issue" enumerated in the Rule 59(e) brief addresses the claim for conversion (count four). Summary judgment was granted on the conversion claim because Attorney Roesti did not cite any evidence tending to establish that Mr. Anderson had any ownership or right to possession of the baggage-fee revenue or allegedly lost tip income (Dkt. No. 141 at 9). Attorney Roesti now asserts that the summary judgment order "committed manifest error of law and fact" in rejecting the conversion claim.

Attorney Roesti argues that an action for conversion may be used to recover "misappropriated gratuities," and that sworn testimony from Mr. Anderson and his fellow skycaps established that the baggage fees collected by AA constituted misappropriated gratuities (Br. 24). If such evidence was in the summary judgment record, it was buried in Attorney Roesti's voluminous submissions and was not cited in his opposition brief or at the hearing. Indeed, Attorney Roesti *still* does not cite any evidence on this issue, leaving others to guess what his vague reference to skycap testimony might mean. Any argument that the summary judgment record contained evidence that could have shown Mr. Anderson had an ownership interest or right to possession of the baggage-fee revenue or allegedly lost tip income is now untimely. Counsel should be mindful of this fact on appeal.

It is not the district court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). "The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). Counsel have an obligation to set forth support for their arguments clearly. Attorney Roesti may not have presented Mr. Anderson's case as well as other counsel would have, but Attorney Roesti is the lawyer that Mr. Anderson chose. Neither Attorney Roesti's arguments nor his omissions provide good cause to vacate judgment on the conversion claim.

### 6. RETALIATION CLAIM (ISSUE EIGHT: "ERROR OF LAW AND FACT").

The next "issue" enumerated in the Rule 59(e) brief addresses the claim for retaliation (count six). Summary judgment was granted on the retaliation claim because Attorney Roesti failed to show that a triable issue of fact existed as to the causation element of the claim (Dkt. No. 141 at 9–10). Attorney Roesti now asserts that the summary judgment order "committed manifest error of law and fact" in rejecting the retaliation claim.

Specifically, Attorney Roesti argues that the order "committed manifest error of law and fact contrary to controlling precedent when it found the evidence insufficient to establish a causal line of retaliation against Anderson" in light of the dates of certain events as documented in the summary judgment record (Br. 24–25). The summary judgment order cited controlling authority for the proposition that temporal proximity, standing alone, is insufficient to establish causation for a prima facie case of retaliation (Dkt. No. 141 at 10). Attorney Roesti does not cite any contrary authority. Nor does he cite any evidence of causation other than the same series of dates he relied on in opposing summary judgment (Br. 24–25). As should by now be clear, simply restating facts and arguments from the summary judgment record does not justify Rule 59(e) relief. Attorney Roesti has not identified any clear error of law or fact in the summary judgment ruling on the retaliation claim.

### 7. ISSUE NINE: "PREJUDGMENTS."

Lastly, the Rule 59(e) brief argues that allowing the summary judgment order to stand would constitute manifest injustice because it "was tainted with prejudgments not based on the law and facts" (Br. 25–26). This portion of the brief was construed as part of a motion for recusal and was referred to the Assignment Committee to be randomly reassigned to another judge (Dkt. No. 153). It was denied (Dkt. No. 158). That was the second time in this action that a motion for recusal was reassigned and denied by another judge. A further request for recusal was denied by the undersigned judge in a companion order to this order. The accusations in the final portion of the brief need not be further addressed here.

11

**CONCLUSION**

For the foregoing reasons, the motion to vacate judgment is **DENIED**. The hearing previously set for May 12, 2011, is **VACATED**. The administrative motion to continue the hearing and reset the briefing schedule is **DENIED AS MOOT**. Because Attorney Roesti's further request for recusal was denied in a companion order to this order, the motion to vacate judgment was properly decided by the undersigned judge.

This case is now ready for review by the court of appeals. On appeal, counsel are requested to make clear what was in the summary judgment record versus submitted only after the grant of summary judgment. The district court case is closed, and good cause has not been show to re-open it. Attorney Roesti may not make any more filings in this closed case.

**IT IS SO ORDERED.**

Dated: May 5, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE